IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KARRY WHITTEN, on behalf of herself and others similarly situated;

Plaintiff,

vs.

RESURGENT CAPITAL SERVICES, LP, LVNV FUNDING LLC, SHERMAN FINANCIAL GROUP, LLC, and MESSERLI & KRAMER, P.A.,

Defendants.

**8:25CV661**

**ORDER**

In an omnibus November 4, 2026 Findings, Recommendation, and Order, the Court granted in part Plaintiff's motion for limited discovery on arbitrability from Defendants Resurgent and LVNV. Defendants now move to clarify the scope of the permitted discovery, Filing No. 91,[1] and to stay discovery pending a ruling on this motion, Filing No. 93. For the reasons set forth herein, Defendants' motion to clarify the scope of discovery is denied and the motion to stay is denied as moot.

Plaintiff filed proposed discovery requests in support of her motion for limited discovery. Filing No. 78-3. The Court granted Plaintiff leave to conduct discovery concerning certain topics and allowed Plaintiff to conduct a limited Rule 30(b)(6) deposition of Resurgent and LVNV. Filing No. 89. The Court did not authorize Plaintiff to serve the requests she attached to her motion. Filing No. 89 at 9 n.5.

[1] Defendants styled their motion an "Objection." However, Defendants are not objecting to the decision to authorize limited discovery. Rather, Defendants move the Court to modify or clarify the scope of the authorized discovery.

Rather, the Court directed the parties to proceed with standard discovery practice. Specifically, it authorized Plaintiff to serve new discovery requests and notice the 30(b)(6) depositions. It preserved Defendants' ability to object, if appropriate. And it prohibited the parties from filing discovery motions without contacting the undersigned's chambers to set a discovery dispute conference. Filing No. 89 at 9 n.5, 10 n.6. The Court then ordered the parties to meet and confer and email chambers proposed case progression deadlines for completing this discovery. Filing No. 90.

Defendants now move the Court to modify or clarify this Order because they theorize the hypothetical discovery requests Plaintiff will serve will not be relevant and will be unduly burdensome and disproportionate.[2] Defendants also argue the 30(b)(6) depositions are unduly burdensome and disproportionate.[3] Defendants' motion is premature. First, the parties shall meet and confer to set deadlines for conducting written discovery and depositions. If there are disputes pertaining to timing, such as whether written discovery should be completed before the 30(b)(6) depositions occur, the parties may contact the undersigned's chambers to schedule a telephone conference to resolve this dispute.

Plaintiff shall then serve her written discovery requests and notice the 30(b)(6) depositions. Defendants may object on any appropriate grounds, including relevance and proportionality. If Plaintiff still seeks the information, the parties shall meet and confer to resolve the dispute without Court intervention. If resolving the dispute without Court intervention is not possible, the parties shall contact the undersigned's chambers to schedule a discovery dispute conference

---

[2] The Court notes based upon the information it currently has that it may be difficult for Plaintiff to justify the relevance of information related to third parties, such as Defendants' agreements with other consumers or agreements regarding Defendants' right to compel other consumers to arbitration. To the extent Plaintiff requests this information and the parties cannot resolve the dispute, Plaintiff should be prepared to explain the relevance of such requests.

[3] Defendants can still object to Plaintiff's 30(b)(6) topics on the grounds that they subject Defendants to undue burden or expense, or any other appropriate objection, after producing written discovery. This is appropriately addressed through the process described herein.

prior to engaging in motions practice. Defendants will then have the opportunity to object to any of the undersigned's discovery rulings. There is no need to rule on hypothetical objections to hypothetical discovery at this stage of the proceedings.

**CONCLUSION**

Accordingly,

IT IS ORDERED:

1) Defendants' motion, Filing No. 91, is denied.
2) Defendants' motion to stay, Filing No. 93, is denied as moot.

Dated this 19th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge